In this case the Defendants have severed in their pleading, and one of the pleas pleaded by the Executors has been found for them, namely, the plea of "fully administered." by which they are discharged. The Plaintiff has neither moved for a new trial nor appealed. The plea of the statute of limitations pleaded by the Defendant Winborne, has been found against him, and he has appealed. It would seem to be a hard case upon the Executors, if they were also bound to appeal on that account. It would also be a hard case upon Winborne, if he could not appeal, because the Executors would not join him in it. They have nothing to appeal from; he has a judgment against him, from which he ought to be at liberty to appeal. Suppose there is no appeal; the Plaintiff is bound to pay the Executors their costs, and an execution would issue for that purpose. Judgment being against Winborne, execution would issue on behalf of the Plaintiff against him; so that there would be different or cross executions, issuing from the same Court, and I see no good reason why the same executions might not issue from different Courts; that is, from the County Court, and the Superior Court, to which latter Court part of the case is carried by appeal. In Stockstill v. Shuford, (311) 1 N.C. 638, where the Defendants pleaded severally in trespass; some of the Defendants were acquitted, the rest were found guilty. It was held, that those acquitted, were entitled to their costs; those found guilty were bound, of course, to pay the amount of the judgment against them and costs. I am of opinion, that the Defendant, Winborne, was at liberty to appeal, without being joined by the Executors in such appeal.
As to the statute of limitations, I think, the act of 1814, ch. 17, began to operate upon the note on which this action is brought, when it became a law, and not before; and that it began to operate upon it at that time, in the same way it would have done, provided the note had been given after the act had become a law. I am of opinion that judgment should be given for the Plaintiff. *Page 231 
or brought within three years next after the cause of such action or suit, and not after;" with a saving for infants, femes covert, persons of unsound mind, imprisoned or beyond seas.
Cited: Hicks v. Gilliam, 15 N.C. 218; Stephens v. Batchelor, 23 N.C. 61;Roughton v. Brown, 53 N.C. 395.
NOTE. — Laws 1814, ch. 17, declare that "all actions of debt, grounded upon any lending or contract without specialty, which shall be sued or brought, after the ratification of this act, shall be commenced (312)